United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         NORTHERN DISTRICT OF CALIFORNIA
10                                 SAN JOSE DIVISION
11
12  JAMES QUINLAN,                           ) Case No.: 13-CV-03291-LHK
                                             )
13                 Plaintiff,                )
                                             ) ORDER GRANTING DEFENDANTS'
14        v.                                 ) MOTION FOR JUDGMENT ON THE
                                             ) PLEADINGS AS TO PLAINTIFF'S
15  POWER-ONE, INC., a Delaware corporation, ) SECOND CAUSE OF ACTION
    and STEVE HOGGE, an individual,          )
16                                           )
                   Defendants.               )
17                                           )

18        Before the Court is Power-One, Inc. and Steve Hogge's (collectively, "Defendants" or

19  "Power-One") Motion for Judgment on the Pleadings on Plaintiff's Second Cause of Action. ECF

20  No. 13. Plaintiff James Quinlan ("Quinlan" or "Plaintiff") opposes the Motion, ECF No. 14, and

21  Defendants replied, ECF No. 15. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter

22  appropriate for resolution without oral argument and hereby VACATES the Hearing scheduled for

23  January 16, 2014, at 1:30 p.m. ECF No. 13. The Court also CONTINUES the Case Management

24  Conference set for January 16, 2014 to April 23, 2014, at 2:00 p.m. Having considered the

25  submissions of the parties and the relevant law, the Court hereby GRANTS Defendants' Motion

26  for Judgment on the Pleadings as to Plaintiff's second cause of action. The Court GRANTS

27  Plaintiff leave to amend within 21 days of the date of this Order.

28
                                             1
Case No.: 13-CV-03291-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S
SECOND CAUSE OF ACTION

## I.      BACKGROUND

### A.      Factual Allegations

The following facts are taken from the original complaint and are assumed to be true for purposes of the instant motion. In April 2010, Plaintiff James Quinlan was employed as Vice President of Power Conversion Sales for Power-One. ("Compl.") ECF No. 1 ¶ 6. Quinlan was hired into the Power Solutions division of Power-One. *Id.* ¶ 3. Defendant Steve Hogge ("Hogge") was president of Power Solutions, and was Quinlan's direct supervisor. *Id.* ¶¶ 3, 7.

At all times, Power-One had a class of securities registered under Section 12 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq*. *Id.* ¶ 8. The Sarbanes-Oxley Act of 2002, 15 U.S.C. §§ 7241 *et seq*., required Power-One to regularly submit reports to the federal government containing certain financial information, including any material changes in its financial condition. *Id.*

Later in 2010, Power-One was split into two divisions. *Id.* ¶ 9. Plaintiff's title changed to Vice President of Strategic Sales in the newly created Power Sources division. *Id.* Hogge remained Quinlan's supervisor. *Id.* Unlike other business units in the division, Quinlan's business unit grew in 2010, 2011, and 2012. *Id.* ¶ 11. In 2012, Quinlan's unit showed positive revenue and showed positive indications of future growth prospects. *Id.* Two other business units in the division, led by Ed Carter ("Carter"), experienced falling sales. *Id.*

As Vice President of Strategic Sales, Quinlan was responsible for making quarterly Sarbanes-Oxley audits on behalf of Power-One. *Id.* ¶ 11. On multiple occasions commencing in October 2010, Hogge allegedly instructed Quinlan that he was not to include any negative findings in any of the Sarbanes-Oxley audits. *Id.* ¶ 12. Hogge told Quinlan that he should "know nothing" and "see nothing" when it came to the audits. *Id.* Hogge reminded Quinlan of these instructions in a conference call with other Power-One employees in July 2011. *Id.*

Quinlan made a total of nine quarterly Sarbanes-Oxley audits on behalf of Power-One. *Id.* ¶ 13. In the first eight audits, Quinlan reported no negative findings, as instructed by Hogge. *Id.*

1   However, in the July 2012 audit, Quinlan refused to omit negative material facts about Power-

2   One's financial condition, and reported four negative items. *Id.*

3   In August 2012, Hogge announced a reorganization of the Power Sources division. Carter

4   was made Vice President of Sales. *Id.* ¶ 14. Quinlan was demoted and thereafter reported to Carter.

5   *Id.* As a result of the reorganization, Carter, not Quinlan, would be responsible for conducting the

6   quarterly audits. *Id.* Quinlan complained about the reorganization and demotion to Hogge and

7   others. *Id.* Finally, on August 14, 2012, Power-One terminated Quinlan's employment. *Id.* ¶ 15.

8   Hogge stated to Quinlan that his termination was "for cause." *Id.*

### B. Procedural History

10  On July 16, 2013, Plaintiff filed a Complaint alleging that he was fired in retaliation for his

11  refusal to falsify Sarbines-Oxley audits and reports, in violation of: (1) Section 806 of the

12  Sarbanes-Oxley Act, 18 U.S.C. § 1514A; and (2) California Labor Code Section 1102.5(c).

13  Defendants filed the instant Motion for Judgment on the Pleadings on Plaintiff's Second Cause of

14  Action on August 30, 2013. ("Mot.") ECF No. 13. Plaintiff filed his Opposition on September 13,

15  2013, ("Opp'n") ECF No. 14, and Defendants filed a Reply on September 20, 2013, ("Reply") ECF

16  No. 15.

## II. LEGAL STANDARDS

### A. Motion for Judgment on the Pleadings Under Rule 12(c)

19  Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early

20  enough not to delay trial—a party may move for judgment on the pleadings." The legal standard

21  for Rule 12(c) is virtually identical to the standard for a motion to dismiss under Rule 12(b)(6). *See*

22  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). In considering whether

23  the complaint is sufficient, the court must accept as true all of the factual allegations contained in

24  the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint need not allege

25  detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a

26  claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

3

570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Rule 12(c) of the Federal Rules of Civil Procedure neither expressly provides for, nor bars, partial judgment on the pleadings. It is common to apply Rule 12(c) to individual causes of action. *See Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993). "Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment." *Id.*

As with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings pursuant to Rule 12(c) should grant leave to amend even if no request for leave to amend has been made, unless it is clear that amendment would be futile. *Pac. W. Grp., Inc. v. Real Time Solutions, Inc.*, 321 F. App'x 566, 569 (9th Cir. 2008) (mem.).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

Quinlan alleges that Defendants retaliated against him for refusing to participate in illegal activities, in violation of California Labor Code Section 1102.5(c). Compl. ¶ 25. Defendants argue that Plaintiff's claim under California Labor Code Section 1102.5 should be dismissed because Plaintiff did not plead that he brought a complaint before the Labor Commissioner, and therefore did not exhaust administrative remedies pursuant to California Labor Code Section 98.7. Mot. at 2. As discussed below, the Court finds that Quinlan's failure to exhaust his administrative remedy under Section 98.7 bars his Section 1102.5(c) claim.

Section 1102.5 is a whistleblower statute intended to encourage employees to report unlawful acts without fearing retaliation. The subsection relevant to this case states: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Cal. Lab. Code § 1102.5(c). Section 98.7 provides in turn: "Any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor

4

1  Commissioner may file a complaint with the division within six months after the occurrence of the
2  violation." Cal. Lab. Code § 98.7(a).

3  Defendants rely primarily on *Campbell v. Regents of the University of California*, 35 Cal.
4  4th 311 (2005), to argue that a plaintiff must file an administrative complaint with the Labor
5  Commissioner prior to pursuing a private cause of action under Section 1102.5 in court. Mot. at 5.
6  In *Campbell*, the California Supreme Court articulated the long-standing doctrine that "where an
7  administrative remedy is provided by statute, relief must be sought by the administrative body and
8  this remedy exhausted before the courts will act." *Id.* at 321. While *Campbell* expressly held that
9  Section 1102.5 is silent as to any requirement for administrative exhaustion, "'the past 60 years of
10 California law on administrative remedies' nevertheless compelled the conclusion that a person
11 bringing a claim under the section *is* subject to the exhaustion requirement." *Reynolds v. City and
12 Cnty. of S.F.*, Case No. 09-0301, 2011 WL 4808423, at *1 (N.D. Cal. Oct. 11, 2011) (emphasis in
13 original) (quoting *Campbell*, 35 Cal. 4th at 329).

14 Furthermore, Defendants correctly note that this Court, along with the majority of federal
15 courts to consider the question, has held that exhaustion before the Labor Commissioner is required
16 in order to pursue statutory claims under the Labor Code. *Ferretti v. Pfizer*, 855 F. Supp. 2d 1017,
17 1024 (N.D. Cal. 2012) (citing prior cases); *see also, e.g.*, *Federico v. Overland Contracting*, Case
18 No. 12-2588, 2013 WL 5516187, at *19 (N.D. Cal. Oct. 4, 2013); *Miller v. Southwest Airlines*, 923
19 F. Supp. 2d 1206, 1210 (N.D. Cal. 2013); *Papillon v. S.F. Unified Sch. Dist.*, Case No. 12-01847,
20 2012 WL 4892429, at *7 (N.D. Cal. Oct. 12, 2012); *Morrow v. City of Oakland*, Case No. 11-
21 02351, 2012 WL 2133755, at *21 (N.D. Cal. June 12, 2012); *Reynolds*, 2011 WL 4808423, at *1.

22 In response, Quinlan fails to address whether he exhausted his administrative remedy
23 before the Labor Commissioner prior to bringing a Section 1102.5(c) claim in this Court. Quinlan
24 instead argues that the exhaustion of administrative remedies is not required as a matter of law.
25 Opp'n at 3. Quinlan relies on an interpretation of *Campbell*, found in *Lloyd v. County of Los
26 Angeles*, 172 Cal. App. 4th 320 (2009), and followed by some other courts in this district, *see, e.g.*,
27 *Turner v. City and Cnty. of S.F.*, 892 F. Supp. 2d 1188 (N.D. Cal. 2012); *Thompson v. Genon*

5

Case No.: 13-CV-03291-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S
SECOND CAUSE OF ACTION

*Energy Servs., LLC*, Case No. 13-0187, 2013 WL 968224 (N.D. Cal. Mar. 12, 2013), that limits *Campbell*'s exhaustion requirement to cases involving the internal administrative processes within the University of California system. Opp'n at 3.

As noted in *Ferretti*, this Court finds *Lloyd*'s narrow interpretation of *Campbell* unpersuasive. 855 F. Supp. 2d at 1023. Looking to a decision from a sister court in this district, this Court concluded that *Lloyd* made no attempt to reconcile *Campbell* with the many cases cited therein establishing the general rule requiring administrative exhaustion. *Id.* (citing *Doris v. Bleum, USA, Inc.*, Case No. 11-2713, 2011 WL 4501979, at *2 (N.D. Cal. Sept. 28, 2011)). Given that no California authority has overruled *Campbell*, or has definitively limited *Campbell* to require the exhaustion of internal administrative remedies only, this Court continues to conclude that the exhaustion of administrative remedies before the Labor Commissioner is required to bring a statutory claim under Section 1102.5(c) of the California Labor Code.

In his Opposition, Quinlan cites a July 2, 2007 letter from the California Department of Labor to support an assertion that "the California Department of Labor will not investigate or act upon requests for investigation made by potential plaintiffs who intend to bring a claim under § 1102.5." Opp'n at 3. Quinlan does not provide any detail about the origins of this letter, or the underlying case the letter addresses. Nevertheless, the Court notes that the plain text of the letter suggests that it does not apply to Quinlan's case. The letter specifically notes that its decision not to pursue an investigation into the letter-writer's claims is based on the fact that the letter-writer intends to pursue both common law and statutory claims. *Id.* at 4 ("'Since you are seeking to pursue both a common law claim for wrongful termination . . . and statutory claims . . . it is [the Department of Labor's] position that you are free to proceed in civil court on those claims, and the [Department of Labor] will not, therefore, pursue an investigation in this manner [*sic*]."); *see also id.* ("'[T]o the exten[t] you intend to raise a common law claim of wrongful termination in violation of public policy . . . you are correct that exhaustion of administrative remedies is not required prior to raising such a claim in a civil action.'"). Quinlan does not plead a common law claim of wrongful termination; instead, Quinlan's claim is strictly statutory in nature. Given both

6

Case No.: 13-CV-03291-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S SECOND CAUSE OF ACTION

the distinct circumstances that produced this letter and the absence of any information that would place this letter in context, the Court does not consider this letter to be persuasive in this case.

In sum, the Court concludes that the exhaustion of administrative remedies is required before Plaintiff may bring a Section 1102.5(c) claim in this Court. Because Quinlan fails to allege that he exhausted his administrative remedy before the Labor Commissioner as provided by Section 98.7, the Court DISMISSES Quinlan's second cause of action under Section 1102.5(c).

## IV.   CONCLUSION

For the aforementioned reasons, the Court GRANTS Defendants' Motion for Judgment on the Pleadings as to Plaintiff's second cause of action without prejudice. Quinlan may file an amended complaint within 21 days of the date of this Order. Failure to meet the 21-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Plaintiff's second cause of action with prejudice. Plaintiff may not add new claims or parties without first obtaining leave of the Court or a stipulation from Defendants.

**IT IS SO ORDERED.**

Dated: January 14, 2014

_____
LUCY H. KOH
United States District Judge

Case No.: 13-CV-03291-LHK
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S SECOND CAUSE OF ACTION